# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORLIVEETHO MCMILLIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-1529 |
| ) | Judge Nora Barry Fischer |
| JOHN E. WETZEL, *Secretary of* ) | Chief Magistrate Judge Maureen P. |
| *Corrections*; ) | Kelly |
| JEFFREY WITHERITE, *Western Region* ) | |
| *Staff Assistant of Department of* ) | |
| *Corrections*; SUPERINTENDENT BRIAN ) | |
| COLEMAN; SECURITY CAPTAIN ) | |
| WEAVER; UNIT MANAGER STEPHEN ) | |
| BOZAS; CO I OFFICER CARNS; CO I ) | |
| OFFICER PALMER; and PRISONER ) | |
| WILLIAM KULP; ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Presently before the Court is Corliveetho McMillian's ("Plaintiff") *pro se* "Motion to Certify Summary Judgment Verdict for Immediate Appeal and Consolidated Memorandum of Law," wherein he seeks to have the Court amend its prior Order entering summary judgment against him and certify it for an interlocutory appeal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as there is no just reason for delay. (Docket No. 127). After careful consideration of Plaintiff's Motion and for the following reasons, the Court will decline to exercise supplemental jurisdiction over the state law assault and battery claims against non-diverse Defendant William Kulp ("Kulp") and dismiss such claims, without prejudice, to Plaintiff pursuing them in an appropriate venue, because the Court does not have original jurisdiction over such claims and all federal claims have been dismissed from this action. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, Plaintiff's Motion to Certify [127] will be DENIED, as moot.

By way of background, Plaintiff is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), currently incarcerated at the State Correctional Institution ("SCI")-Camp Hill. Plaintiff was incarcerated at SCI-Fayette on January 26, 2013 which is the date of events that give rise to this action, and prior to that, was incarcerated at SCI-Dallas. (Docket No. 112 at 2). Plaintiff brought suit pursuant to 42 U.S.C. § 1983 against various corrections officers and DOC personnel (collectively, the "DOC Defendants"). Plaintiff also named another former inmate at SCI-Fayette, Kulp, as a defendant. (*Id.* at 1, n.1). Despite being served with process while at SCI-Somerset, Kulp never responded. (*Id.*). Consequently, Plaintiff moved for default against Kulp. (Docket No. 63). The Clerk's Office entered default on August 24, 2015. (Docket No. 64). After the Clerk's entry of default, Plaintiff has never filed a motion for default judgment pursuant to Rule 55(b).

The DOC Defendants moved for Summary Judgment which was granted by the Court and judgment was entered against Plaintiff and in favor of the DOC Defendants on March 6, 2017. (Docket No. 114). After receiving an extension of time to do so, Plaintiff appealed to the United States Court of Appeals for the Third Circuit on May 9, 2017. (Docket No. 119). Subsequently, on January 30, 2018, the Court of Appeals issued an Order dismissing the appeal for lack of jurisdiction because final judgment was not entered against Defendant Kulp and hence, the order entering summary judgment only as to the DOC Defendants did not constitute a final appealable order. (Docket No. 126). Specifically, the Court of Appeals stated that: "[f]or an action involving claims against multiple parties, a judgment that resolves less than all of the claims against all of the parties is not a 'final' judgment unless the court 'expressly determines that there is no just reason for delay.'" (Docket No. 126 at 2 (quoting *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177,

183 (3d Cir. 2010) (in turn quoting Fed. R. Civ. P. 54(b)). The Court of Appeals further noted that the entry of default is an interlocutory order that is not immediately appealable and that "the proceedings in the District Court are not final as to all parties and will not be until the District Court finally resolves, by default judgment pursuant to Federal Rule of Civil Procedure 55(b) or otherwise, appellant's claims against defendant Kulp." (*Id.*).

In response to the Court of Appeals' Order, Plaintiff filed the instant motion on February 26, 2018 seeking to amend the summary judgment Order entered by this Court to add language that there is no just reason for delay for the purpose of making it a final order which would, in turn, permit his appeal to go forward before the Court of Appeals. (Docket No. 127). Among other things, Plaintiff asserts that it is unknown when his claims against Kulp will be resolved and that they are sufficiently separate to warrant bifurcation from the claims that he asserted against the DOC Defendants upon which this Court has entered summary judgment against him. (*Id.*).

At the outset, Plaintiff's motion is untimely to the extent that he seeks to amend the judgment entered on March 6, 2017 as such motion was filed well beyond the 28-day deadline for filing motions to amend a judgment set forth in Rule 59(e). *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). In addition, Plaintiff has not advocated that he should be granted relief from the judgment under Rule 60 and it appears to the Court that none of the reasons set forth in Rule 60(a) or (b) apply to these circumstances. *See* FED. R. CIV. P. 60(a), (b).

Beyond these procedural deficiencies, as the Court of Appeals noted, Plaintiff obtained a default against Kulp under Rule 55(a) but has not filed a motion for a default judgment under Rule 55(b). "An entry of default is a purely ministerial act carried out by a court clerk on request in cases in which a defendant has 'failed to plead or otherwise defend.'" *Sourcecorp Inc. v. Croney*,

412 F. App'x 455, 457 (3d Cir. 2011) (quoting FED. R. CIV. P. 55(a)). The entry of default is a prerequisite to obtaining a default judgment, which requires the applicant to separately file a motion for default judgment in accordance with Rule 55(b). *See Husain v. Casino Control Com'n*, 265 F. App'x 130 (3d Cir. 2008); *see also* FED. R. CIV. P. 55(b)(2) ("In all other cases, the party must apply to the court for a default judgment.").

Although Plaintiff has not filed a motion for default judgment against Kulp, even if he had done so, the Court would decline to exercise supplemental jurisdiction over his state law claims. To this end, "a district court has an obligation to consider its jurisdiction before entering a default judgment, […] and it is appropriate for a district court to decline to enter a default judgment or to vacate default judgment where the court lacks jurisdiction or questions whether it has jurisdiction." *Pieczenik v. Comm'r New Jersey Dep't of Envtl. Prot.*, No. 16-3579, 2017 WL 4994487, at *3 (3d Cir. Nov. 2, 2017) (internal and external quotations omitted). In addition, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim, … if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In the Order entered on March 6, 2017, the Court entered summary judgment against Plaintiff on all of his federal claims against the DOC Defendants. (Docket No. 114). The remaining claims against non-diverse defendant Kulp are for assault and battery arising under state law; hence, the Court does not have original jurisdiction over the claims against Kulp and they are properly dismissed pursuant to § 1367(c)(3). *See e.g., Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (Foye's remaining allegations of medical malpractice and medical negligence arise under state law, and the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over Foye's state law claims in the absence of any actionable federal claim."); *Byrd v. Shannon*, 715 F.3d 117, 128 (3d Cir. 2013) ("Because we will affirm the District Court's order

granting summary judgment, along with its decision to decline reconsideration of its previous order, we will also affirm the District Court's decision to decline supplemental jurisdiction over Byrd's state law negligence claims."). To the extent necessary, the Court will set aside the default as to Kulp, finding good cause to do so given the jurisdictional issue.[1] *See* FED. R. CIV. P. 55(c).

For all of these reasons, Plaintiff's Motion to Certify [127] is DENIED, as moot, as the Court will decline to exercise supplemental jurisdiction over his state law claims against Kulp. An Appropriate Order follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: March 7, 2018

cc/ecf: All counsel of record.

cc: Corliveetho McMillian
AY-6916
SCI-Camp Hill
P.O. Box 200
Camp Hill, PA 17001

---

[1] The Court declines to fully address the merits of the claims against Kulp. With that said, the statute of limitations for tort claims in Pennsylvania is two years and Kulp was not served with the Second Amended Complaint until July 15, 2015, (Docket No. 57), which is more than two years after the incident in question on January 26, 2013. Kulp was misnamed as "William Kulpet" in both the original and amended complaints. (*See* Docket Nos. 6, 8). But, there is also no indication in the record that Kulp received notice the original complaint within 120 days of filing which would permit the Court to apply the relation back doctrine to the Second Amended Complaint. *See* Fed. R. Civ. P. 15(c)(1)(C); *see also Milburn v. City of York*, 612 F. App'x 119, 122 (3d Cir. 2015).

5